KISSINGER et v. YELLOW PINE BLDG. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2775. Decided Nov. 16, 1925

**460. EQUITY**—1. Where remedy exists in action for damages or under Code, equitable relief will not be granted.

2. To secure mandatory injunction, evidence must clearly warrant issuance.

PER CURIAM.

Purnell Kissinger et al brought an action against the Yellow Pine Building Co. in the Hamilton Common Pleas praying for a mandatory injunction commanding said company to install sufficient means for the purpose of distributing water to the various plaintiffs who owned lots purchased from said company, one of the provisions of their contracts providing for the supplying of water.

It was alleged that insufficient water was furnished; and that furnished was condemned by the health commissioner as unsafe for drinking or domestic use.

The company denied any contract at all with certain of the plaintiffs and averred that each contract was separate and distinct, and not uniform. It was further claimed that every effort had been made to procure sufficient water to augment the supply of the well, but it had proved impossible to obtain any further supply. The case was brought to the Court of Appeals on appeal and the court held:

1. From the evidence the company has failed to live up to its contract in respect to

furnishing an adequate supply of water fit for use, and Kissinger and the other plaintiffs have a remedy in an action for damages for breach of their contracts.

2. They also have a remedy at law under provisions of the Code.

3. This court would be unable to grant the relief prayed for if it had the power to do so, for the record shows that the company is making every effort to relieve the situation.

4. Plaintiffs have not shown any practical way to furnish the supply of water to which they claim to be entitled to.

5. To secure a mandatory injunction, the evidence must clearly warrant its issuance.

·Writ denied.

Attorneys—Joseph T. Harrison for Kissinger et; Ritchie, Hermann & Ritchie, Raymond J. Wilson and Karl Wettengel for Company; all of Cincinnati.